■ In the Matter of the Arbitration between WORLD TRADE DIAMOND CORP. et al., Respondents, and LEO SIEGMANN, Appellant.–

This is a dispute between three members of the Diamond Dealers Club (DDC). In the summer of 1985 petitioner Weinberger, doing business as World Trade Diamond Corp., made a series of diamond sales to Eliezer Krieger, doing business as NIC Trading. At one point in these transactions, due to Krieger's absence, respondent Siegmann was sent to receive a shipment of diamonds from Weinberger. While this shipment was eventually delivered to Krieger, Weinberger never received payment.

Arbitration proceedings were commenced pursuant to DDC rules, without any motion for a stay by Siegmann. As a result of that arbitration, liability for the loss was to be split between the three parties equally, so that Weinberger himself was to bear a loss of $8,000.

On appeal, respondent Siegmann argues that the award is irrational and does not comply with the strictures of the CPLR, and also challenges the propriety of the service upon him commencing this lawsuit.

It is axiomatic that once an issue has been decided by an arbitrator, questions of law and fact are not within the power of the judiciary to review, and a heavy burden is imposed upon one seeking to vacate an arbitrator's award. (North Syracuse Cent. School Dist. v North Syracuse Educ. Assn., 45 NY2d 195, 200 [1978].) In fact, the exclusive grounds upon which an award may be vacated are the establishment of fraud or misconduct in procuring the award; a finding of partiality on the part of the arbitrator, an arbitrator's abuse of power, or denial of procedural due process. (CPLR 7511 [b].)

Siegmann argues that the award was irrational because he was not a party to the transactions between Weinberger and Krieger. As noted above, this factual determination is not reviewable by this court. However, since Siegmann admitted that he accepted the shipment which forms the basis of this dispute, his argument is unsupportable even on its merits.

Siegmann also argues that the arbitrator's award was a compromise, and as such was not a rational resolution of the issues before the arbitrator. Unless appellant can show that the arbitrator, in effect, rewrote the agreement, or exceeded the scope of the arbitrator's authority, the arbitrator's findings are unassailable. Here, appellant neither specifically states nor provides any support for such argument.

Lastly, appellant urges that service in this matter, pursuant to CPLR 308 (5), was improper because no showing was made that other types of service were unavailable. The record does not support this argument. DDC's security barred any normal means of personal service upon respondent at his office during normal business hours. Nor could he be served at home, since his address was not made known by him and under DDC rules was never to be released by the office. As such, no normal means of service was available. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.